MR. JUSTICE MATCHETT delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 479*—*when error in instructions may not be complained of.* Failure to object or take exception to instructions in the trial court precludes complaint on appeal that the instructions were erroneous.

2. APPEAL AND ERROR, § 438*—*when objection as to variance is too late.* Failure to object to the admission of evidence constituting a variance or to move to exclude it renders an objection to the evidence untenable on appeal.

3. APPEAL AND ERROR, § 450*—*when error in admission of expert evidence is not reviewable.* Admission of expert testimony without properly qualifying the witness is not reviewable where no objection to his testimony nor motion to strike appears in the record.

--------

### Lawrence Newton, Appellee, v. E. J. Ohrenstein, Appellant.

### Gen. No. 23,661.   (Not to be reported in full.)

· Appeal from the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1917.  Affirmed.  Opinion filed May 14, 1918.

### Statement of the Case.

Action by Lawrence Newton, plaintiff, against E. J. Ohrenstein, defendant.   From a judgment for plaintiff, defendant appeals.   Appellee's motion to strike the stenographic report was granted and the report ordered stricken, and motion by appellant to set aside that order was reserved to the hearing.

BUNGE, HARBOUR & SCHMIDT, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

COMERFORD & COHEN, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

## Abstract of the Decision.

MUNICIPAL COURT OF CHICAGO, § 26*—*when certificate is insufficient as basis for subsequent entry of nunc pro tunc order by judge signing stenographic report.* A certificate by a judge of the Municipal Court of Chicago, executed on the date of the expiration of an extension of the time for filing the stenographic report, that, in the absence from the city of the trial judge, the document was presented to the certifying judge in open court to be signed, is not sufficient basis for the subsequent entry of a *nunc pro tunc* order by the trial judge signing the report as of such date, in the absence of an affirmative showing of due diligence on the part of appellant by certificate of the trial judge.

---

Edward M. Corwin, Appellee, v. L'Anse Quarries Company et al., on appeal of Charles T. Lundstrom, Appellant.

## Gen. No. 23,607.

. EVIDENCE, § 322*—*when parol is admissible to show that guaranty did not refer to collection of notes.* Where a contract under which certain notes signed by a third person were to be accepted in part payment recited that: "Said notes which said  *   *   * [defendant] guarantees, were acquired from said O'Brien for value and that said makers of notes are bona fide and have no defense whatever to refuse payment of same," the comma after the word "guarantees" renders the sentence ambiguous, and parol evidence is admissible to show that the guaranty did not refer to the collection of the notes but to their source, consideration and authenticity.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.